# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY NEIN** | : CIVIL ACTION |
| v. | : NO. 16-3752 |
| **TRICAM INDUSTRIES, INC. and HOME DEPOT, INC.** | : |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                            **SEPTEMBER 13, 2019**

      Plaintiff brought this product liability action to recover for injuries he allegedly sustained while climbing up a ladder manufactured by Defendant Tricam Industries, Inc. ("Tricam") and sold by Defendant Home Depot, Inc. when the ladder suddenly collapsed. Plaintiff asserted claims against Defendants for negligence, strict liability and breach of express and implied warranties. The case was referred to arbitration and on August 29, 2018, the arbitration panel found in favor of Plaintiff and awarded damages. On September 5, 2018, Defendants demanded a trial *de novo*.

      The case was tried to the Court sitting with a jury. Plaintiff's counsel elected not to proceed with the breach of warranties claims. After a four-day trial, the jury, responding to interrogatories [ECF 90], found that the ladder did not contain a design or manufacturing defect, but found that the ladder lacked adequate or proper warnings. However, the jury found that the lack of such warnings was not a factual cause of harm to Plaintiff. The jury also found Defendant Tricam was negligent, but that its negligence was not a factual cause of Plaintiff's injury. Finally, the jury found that Plaintiff was negligent and that his negligence was a factual cause of any harm to him. Taking the

combined fault that was a factual cause of any harm to Plaintiff as 100%, the jury found Plaintiff was 75% negligent and Defendant Tricam was 25% negligent.

Defendants filed a bill of costs in the amount of $5,742.32 [ECF 94], to which the Plaintiff filed objections [ECF 95]. Defendants then filed a revised bill of costs in the amount of $2479.17 [ECF 96], to which the Plaintiff also filed objections [ECF 97]. The Clerk of Court subsequently taxed costs against the Plaintiff and in favor of the Defendants in the amount of $2,338.22 [ECF 101]. Presently before the Court is the Plaintiff's motion to vacate the taxation of costs. For the reasons that follow, the motion is granted.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs" other than attorney's fees "should be allowed to the prevailing party." The "costs" which may be recovered under Rule 54(d)(1) are listed in 28 U.S.C. § 1920. *In re Paoli Railroad Yard PCB Litig.*, 221 F.3d 449, 457 (3d Cir. 2000). The Clerk of Court has the authority to tax costs under Rule 54(d)(1), but "the [district] court may review the clerk's action." *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)).

A district court reviews *de novo* the Clerk's cost-determination. *Reger*, 599 F.3d at 288. While a district court has discretion to award or deny costs, Rule 54(d)(1) "creates the strong presumption that costs are to be awarded to the prevailing party." *In re Paoli*, 221 F.3d at 458, 462. "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.* at 462-463. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the

prevailing party." *Reger,* 599 F.3d at 288 (quoting *In re Paoli*, 221 F.3d at 462-463, 468). Ultimately, it is within the discretion of the district court to award or deny costs under Rule 54(d)(1). *Adams v. Teamsters Local 115*, 678 F.Supp. 2d 314, 324 (E.D.Pa. July 17, 2007).

In *Reger*, our Court of Appeals reiterated the factors previously set forth in *In re Paoli* which a district court is permitted to consider in reviewing the Clerk's taxation of costs under Rule 54(d)(1). A district court may consider: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Reger*, 599 F.3d at 288 n.3 (quoting *In re Paoli*, 221 F.3d at 468). However, a district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves– in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.*

Plaintiff argues that the judgment and taxation of costs should be vacated because he is indigent and unable to pay the costs.

"[I]f a party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs." *In re Paoli* 221 F.3d at 464. "In assessing the [p]laintiff's indigency or modest means . . . [a] [c]ourt should measure each [p]laintiff's financial condition as it compares to whatever award the [c]ourt decides to tax against him or her." *Id.* at 464 n.5. No "hard and fast rules"

exist for assessing a losing party's indigency or inability to pay. *Id.* "[D]istrict courts should use their common sense in making this determination." *Id.*

Plaintiff has filed an unsworn affidavit, in which he states that "[d]uring the litigation of my case against Tricam, I was homeless. I was unable to perform my job duties due to my injuries and became unemployed. I receive Medicare benefits. I receive assistance from the Commonwealth of Pennsylvania. At the end of trial I was unemployed and had been unemployed throughout the duration of the litigation. My income is from the State and is below $12,490.00, which is the Federal Poverty threshold for 2019." [ECF 104, p.4.]

In a letter to the Court dated September 9, 2019, Plaintiff's counsel states that Plaintiff is "completely dependent upon government assistance for income, from the United States Social Security. . . and from food stamps. . .[Plaintiff's] federal disability is approximately $771 per month or $9252.00 per year [records attached to letter] . . .He is not claimed as a dependent by anyone. . .[Plaintiff] was born in 1957 is under age 65. . . He is single. [Plaintiff] has not filed tax returns. He is not earning income. . ." Plaintiff's counsel is a responsible officer of this Court and as such we will take his statements as truthful.

As a matter of common sense and equity, the award of costs against Plaintiff should be vacated. Even though Plaintiff's affidavit is unsworn, it does appear from the record that Plaintiff is indigent and disabled, has no assets, does not receive enough income to file tax returns and is not claimed as a dependent. In addition, as demonstrated by the jury's verdict sheet, this action was not frivolous. Under these circumstances, requiring Plaintiff to pay the amount of $2,338.22 to Defendant would be

punitive in nature. See Sullivan v. Warminster Township, No. 07-4447, 2013 WL 1934532, at * 3 (E.D. Pa. May 9, 2013) (vacating the clerk's award of costs where the losing party suffered from PTSD which kept her from maintaining employment, she lived with her niece free of charge, she received only $360.00 per month through the Government's food stamp and cash assistance program, and she had no bank account). ; Amorosi v. Molino, No. 06-5524, 2010 WL 3058450, at *5 (E.D. Pa. Aug. 2, 2010) (quoting Lindsey v. Vaughn, No. 93-2030, 2001 WL 1132409, at *2 (E.D. Pa. Sept. 24, 2001) (granting motion to vacate costs where the plaintiff had been unemployed for five years, had no bank account, and whose only source of income was child support)); Yudenko v. Guarinni, No. 06-4161, 2010 WL 2490679, at *4-5 (E.D. Pa. June 15, 2010) (concluding that awarding costs would be punitive where the plaintiff who pursued Section 1983 action was disabled and had no assets).

An appropriate Order follows.